**John E. WALKER, Appellant,**

v.

**Evelyn L. ROBINSON, Guardian of the Person and Estate of Morris C. Mays, and Don Pinkham, Appellees.**

**No. 9304.**

Court of Appeals of Texas, Texarkana.

Dec. 28, 1984.

Pat C. Beadle, Clarksville, for appellant.

J. Michael Brock, New Boston, for appellees.

CORNELIUS, Chief Justice.

John E. Walker appeals from a default judgment invalidating a deed executed by Morris Mays during the pendency of guardianship proceedings over his person and estate. We affirm the judgment.

In September of 1983, Evelyn Robinson was appointed guardian of the person and estate of Morris Mays on a finding that he was a person of unsound mind. On January 24, 1984, Robinson as guardian of Mays, acting under an order of sale issued by the probate court, sold the property at issue to Don Pinkham. Several days later Morris Mays, the ward, individually deeded the same property to Walker.

Robinson and Pinkham brought suit against Walker to remove Mays' deed as a cloud on the title. Walker did not answer or appear at trial. On March 12, 1984, the trial court rendered a default judgment which declared that the deed from Mays to Walker was void and established Pinkham's clear title to the property. Walker timely filed a motion for new trial which was overruled by the trial court.

On appeal Walker asserts that the judgment is supported by insufficient evidence, the pleadings were inadequate, and the trial court erred in denying his motion for new trial.

Ordinarily no evidence is required to support a default judgment; the defendant's failure to appear or answer constitutes an admission of all the allegations of the plaintiff's petition. Proof is required only when the suit seeks to recover damages which are unliquidated or not proved by a written instrument. *Watson v. Sheppard Federal Credit Union*, 589 S.W.2d 742 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). Damages were not at issue in this case so Walker cannot successfully attack the judgment on the basis of insufficient evidence.

With respect to the sufficiency of the pleadings, the general rule is that a plaintiff's petition is sufficient to support a default judgment if it gives the defendant fair notice of what the plaintiff is seeking and why. It is not necessary that the petition be technically sufficient to state a cause of action in order to sustain a default. *Edward's Feed Mill v. Johnson*, 158 Tex. 313, 311 S.W.2d 232 (1958).

The petition in this case gave adequate notice of the relief sought, the land and deed in issue, and the reason relief was proper. It also alleged that the consideration paid by Walker had been paid into the registry of the court for repayment to Walker. It was thus sufficient against the challenge of a defaulted party.

A default judgment should be set aside and a new trial ordered if it is proved that the party's failure to answer was not intentional or the result of conscious indifference on his part, and the motion sets up

a meritorious defense and demonstrates that the granting of a new trial will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). For the motion to set up a meritorious defense, it must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiffs, and must be supported by affidavits or other evidence proving prima facie the existence of such a defense. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966). The meritorious defense alleged by Walker in his motion for new trial was that Mays was not incompetent at the time he deeded the land to Walker and that Walker had no notice of the guardianship or of the prior conveyance and was therefore a bona fide purchaser.

The record shows without dispute that Robinson had been properly appointed Mays' guardian and that she had conveyed the property to Pinkham by authority of the probate court. Where property of the ward has been sold by the guardian pursuant to an order of the court in an active guardianship proceeding, a deed from the ward must be set aside where it conflicts with the deed from the guardian conveying the same property. *Bennett v. Romos,* 151 Tex. 511, 252 S.W.2d 442 (1952); *Baldwin v. Davis Hill Oil Co.,* 245 S.W.2d 353 (Tex. Civ.App.—Beaumont 1951, writ ref'd n.r. e.). Because the facts alleged by Walker in his motion for new trial go only to the fact of the ward's competency and not to the jurisdiction of the guardianship, it is an impermissible collateral attack on the guardianship and cannot constitute a meritorious defense. *Carroll v. McLeod,* 133 Tex. 571, 130 S.W.2d 277 (1939).

As the motion for new trial failed to set up a meritorious defense, it is unnecessary for us to consider whether Walker's failure to answer was intentional or the result of a mistake. *Pierson v. McClanahan,* 531 S.W.2d 672 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.