HCFCO, INC., d/b/a Space Probe Satellite Systems, Appellant,

v.

Wendell WHITE d/b/a Northway Mobile Home Park, Appellee.

No. 10–87–138–CV.

Court of Appeals of Texas, Waco.

April 21, 1988.

William D. Herron, William D. (Wayne) Herron, P.C., Carol A. Birdwell, Fort Worth, for appellant.

David B. Anderson, Anderson & Anderson, Cleburne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant HCFCO, Inc., from a judgment for appellee White under the Texas Deceptive Trade Practices Act.

Appellee White operated the Northway Mobile Home Park in Cleburne, Texas. On November 14, 1983, White entered into a contract with Henry Long, vice-president of Space Probe Satellite Systems. Space Probe was to provide satellite cable television for the tenants of White's mobile home park. Space Probe was at that time a division of HCFCO, Inc. The satellite system installed by Space Probe was totally unsatisfactory and White subsequently filed suit against HCFCO, Inc. d/b/a Space Probe Satellite Systems. The jury rendered a verdict and the court entered a judgment for White from which HCFCO appeals.

HCFCO appeals on 2 points asserting the judgment is void because HCFCO was never served with process and, therefore, the trial court abused its discretion in denying HCFCO's Motion for New Trial.

The record reflects that citation was served on Bill Mann, vice-president of HCFCO, Inc., on October 4, 1984. The return of service shows Mann was served at 10:20 a.m. in Euless, Tarrant County, Texas by a Tarrant County Deputy Sheriff.

Mann testified at the hearing on the motion for new trial that he had not been served with citation and was not in the office on October 4, 1984. The record reflects that HCFCO, Inc. d/b/a Space Probe Satellite Systems answered appellee White's petition through attorney Johnny W. Richards II. Richards testified at the hearing on the motion for new trial that while he was not paid a retainer by HCFCO, he believed Henry Long had the authority to hire him on behalf of HCFCO.

Richards also testified to conversations he had had with Mann in August 1985. Mann told Richards that he had contacted an attorney regarding the lawsuit, but Mann felt the attorney's requested fee of $4,500 was too high. Richards testified that Mann "thought that was excessive, he couldn't afford to pay it and requested that I proceed with what I was doing."

The question of lack of service is a question of fact to be determined by the trier of fact. A return of service, valid on its face, raises a presumption that the statements contained in the return are true. Generally, the testimony of the moving party alone, without corroborating facts or circumstances, will not defeat that presumption. *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972); *First National Bank of Libby, Montana v. Rector*, 710 S.W.2d 100 (Tex.App.—Austin 1986, writ ref'd n.r.e.). From the evidence at the hearing on the motion for new trial, and the record as a whole, we find the trial court was authorized to overrule HCFCO's motion.

Points 1 and 2 are overruled.

AFFIRMED.