**WILLACY COUNTY APPRAISAL RE-
VIEW BOARD, and Willacy County
Appraisal District, Appellants,**

v.

**SOUTH PADRE LAND
COMPANY, Appellee.**

No. 13–88–172–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 9, 1989.

Russell R. Graham, Peter Low, Deborah S. Cartwright, Calame, Linebarger & Graham, Austin, for appellants.

John Brusniak, Jr., Todd Clement, Vial, Hamilton, Koch & Knox, Dallas, for appellee.

Before UTTER, SEERDEN, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

South Padre Land Company, appellee, brought suit against the Willacy County Appraisal Review Board and Willacy County Appraisal District, appellants, alleging that the appraised value of approximately 21,570.91 acres of unimproved real proper-

ty was excessive and unequal to other similar property in the District. Appellants failed to file an answer, and the trial court granted a default judgment against appellants and set the value of the property at $2,829,721.00, as alleged in appellee's original petition. We reverse the judgment and remand the case to the trial court.

Before considering the merits of this case, we must first determine whether appellants' second motion for new trial was timely filed. If it was not, such motion was a nullity and provides no basis for consideration on appeal. *Equinox Enterprises, Inc. v. Associated Media, Inc.,* 730 S.W.2d 872, 875 (Tex.App.—Dallas 1987, no writ); *Lind v. Greshman,* 672 S.W.2d 20, 22 (Tex.App.—Houston [14th Dist.] 1984, no writ). The dates of the pertinent events are as follows:

| | | |
|---|---|---|
| January 22, 1988 | – | Default judgment signed. |
| February 12, 1988 | – | Motion for new trial filed. |
| March 1, 1988 | – | Motion for new trial denied. |
| March 23, 1988 | – | Second motion for new trial filed. |
| March 31, 1988 | – | Second motion for new trial denied. |

Appellee contends that since appellants second motion for new trial was filed 61 days after judgment, the motion was untimely filed. Appellants argue that since their second motion for new trial was filed 21 days after the trial court overruled their first motion, their second motion was filed while the trial court still had plenary jurisdiction to act on that motion and was therefore timely filed.

■ Tex.R.Civ.P. 329b(a) expressly states that a motion for new trial shall be filed prior to or within thirty days after the judgment is signed. This provision includes both original and amended motions for new trial. Moreover, if we permitted a trial court to grant leave to file a motion for new trial during the plenary period provided under Rule 329b(e) it would violate Tex.R.Civ.P. 5 because it would enlarge the period in which the trial court could take action under the rules relating to new trials. We hold, therefore, that all motions for new trial to be timely filed, whether original or amended must be filed within thirty days after the judgment is signed by the trial court. *See L.B. Foster Co. v. Glacier Energy, Inc.,* 714 S.W.2d 48, 48–49 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); *Lynd v. Wesley,* 705 S.W.2d 759, 762 (Tex.App.—Houston [14th Dist.] 1986, no writ); *contra Homart Development Co. v. Blanton,* 755 S.W.2d 158, 160 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Since appellants' second motion for new trial was filed 61 days after the default judgment was signed, that motion was a nullity and could not be properly considered by the trial court. Therefore, neither that motion nor any record resulting from that motion shall be considered in this appeal.

■ By their first point of error, appellants specifically complain that the "copies of citation" that they received were facially invalid because the deputy attempting to complete service failed to endorse the officer's return portion of the citation which included the delivery date. Tex.R.Civ.P. 106(a)(1).

The record reflects, however, that this complaint is being raised for the first time on appeal and that no evidence was submitted on this issue at the hearing on appellants' motion for new trial. Since the failure of any officer serving the citations to endorse the copies delivered to appellants would not affect the trial court's jurisdiction, it was imperative for appellants to seasonably move to set aside the default judgment on those grounds and show that they were, in fact, injured or misled by the officer's failure to endorse the copies of citation they received. *Ex parte Dabau,* 732 S.W.2d 773, 776 (Tex.App.—Amarillo 1987, no writ); *Leibowitz v. San Juan State Bank,* 409 S.W.2d 586, 589–90 (Tex. Civ.App.—Corpus Christi 1966, no writ); *A.J. Hill Co. v. Tex-Tan of Yoakum,* 235 S.W.2d 945, 946–47 (Tex.Civ.App.—Galveston 1951, writ dism'd); *see also* State Bar

of Texas Subcommittee on Interpretation of Rules, Commentary on Endorsement of Delivery Date, Tex.R.Civ.P.Ann. 106 (Vernon 1979). Appellants failed to do so.

Moreover, the record includes copies of citation which were returned and were properly endorsed. It is well established that when the officer's return on a citation filed in the papers of the case is regular, it may only be impeached by clear and satisfactory proof. *Ward v. Nava,* 488 S.W.2d 736, 737–38 (Tex.1972); *Walker v. W.J.T., Inc.,* 737 S.W.2d 48, 49 (Tex.App.—San Antonio 1987, no writ); *First National Bank v. Rector,* 710 S.W.2d 100, 105 (Tex.App.—Austin 1986, writ ref'd n.r.e.). No proof was offered on this issue. We overrule appellants' first point of error.

■ By their second point of error, appellants contend that one of the necessary parties, Willacy County Appraisal Review Board, never properly received service of process of any sort. Appellants argue that since *both* the Willacy County Appraisal District and the Willacy County Appraisal Review Board were required to be served, appellee's right to recovery was barred. In support of their contention, appellants state that the return of citations on both the Willacy County Appraisal Review Board and the Willacy County Appraisal District reflects that they were "executed" at "1010 West Hidalgo in Willacy County," which is, as a matter of public record, the address of the Willacy County Appraisal District.

The original petition filed in this case reveals that both appellants were named as defendants and that this suit was filed after all administrative remedies had been exhausted and a timely written notice of appeal had been filed with the Willacy County Appraisal Review Board. The record further includes copies of the return of citations which were executed on appellants. One return reflects that it was delivered to "Augustine Colchado, in person," Chief Appraiser of the Willacy County Appraisal District, and the other return reflects that it was delivered to "W.E. Bakke, in person," Chairman of the Willacy County Appraisal Review Board. Appellants presented no evidence to controvert the recitations stated by the officer on the return of citations in the trial court below.

We have carefully reviewed the record and hold that the record on its face shows the trial court had jurisdiction. *See Appraisal Review Board v. International Church of the Foursquare Gospel,* 719 S.W.2d 160, 160 (Tex.1986); *Program Centers of Grace Union Presbytery, Inc. v. Earle,* 726 S.W.2d 628, 630–31 (Tex.App.—Fort Worth 1987, no writ); *Poly–America, Inc. v. Dallas County Appraisal District,* 704 S.W.2d 936, 936–37 (Tex.App.—Waco 1986, no writ); Tex.Tax Code Ann. § 42.21 (Vernon Supp.1989). Furthermore, the issue of lack of service is clearly a question of fact to be determined by the trial court, and a return of service, valid on its face, raises a presumption that the statements contained in the return are true. *Ward,* 488 S.W.2d at 738; *HCFCO, Inc. v. White,* 750 S.W.2d 23, 24 (Tex.App.—Waco 1988, no writ). There is no evidence in the record to rebut this presumption. We overrule appellants' second point of error.

By their third point of error, appellants contend the trial court abused its discretion by refusing to grant them a new trial because "appellee presented no evidence [at the default judgment hearing] to support a claim for relief which involved unliquidated damages and required proof by a written instrument." Specifically, appellants complain that since the only documentation of the value of appellee's property in the record is based on conclusory allegations in appellee's original petition, and since there is no evidence, affidavit, or factual allegation to support that value in the record, there is nothing in the record the trial court could have used to determine the validity of the property value appellee requested.

■ As a general rule, no evidence is required to support a default judgment; the failure to answer constitutes an admission of all material facts alleged in the plaintiff's petition. *Bennett Interests, Ltd. v. Koomos,* 725 S.W.2d 316, 318 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Village Square, Ltd. v. Barton,* 660 S.W.2d 556, 559 (Tex.App.—San Antonio 1983,

writ ref'd n.r.e.). Proof is required only with respect to damages which are either unliquidated or not proven by a written instrument. *Stra, Inc. v. Seafirst Commercial Corp.,* 727 S.W.2d 591, 593 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Watson v. Sheppard Federal Credit Union,* 589 S.W.2d 742, 744 (Tex.Civ.App.— Fort Worth 1979, writ ref'd n.r.e.); Tex.R. Civ.P. 243. A claim is liquidated under Tex.R.Civ.P. 241 if the amount of damages can be accurately calculated by the court from the factual as opposed to conclusory allegations in the petition and an instrument in writing. *First National Bank of Irving v. Shockley,* 663 S.W.2d 685, 688–89 (Tex.App.—Corpus Christi 1983, no writ); *Fears v. Mechanical & Industrial Technicians, Inc.,* 654 S.W.2d 524, 530 (Tex.App. —Tyler 1983, writ ref'd n.r.e.).

Since the determination of a "property value," such as is presented in this case, is not a "liquidated demand" which can be proven by an instrument in writing, it is more analogous to an "unliquidated demand" which must be proven in accordance with Tex.R.Civ.P. 243. *See Harris County Water Control & Improvement District v. Hornberger,* 601 S.W.2d 66, 67–68 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

In this case, the only evidence heard upon the motion for default judgment regarded attorney's fees. No evidence was presented at that hearing concerning the value of the property in question, and the only indication of the value found by the court in the record is a conclusory allegation of that amount in appellee's unsworn petition. We conclude that there is no evidence to sustain the court's finding on the value of the property. *See Higgins v. Smith,* 722 S.W.2d 825, 827 (Tex.App.— Houston [14th Dist.] 1987, no writ); *Hughes v. Jones,* 543 S.W.2d 885, 886–87 (Tex.Civ.App.—El Paso 1976, no writ); *Hall v. C–F Employees Credit Union,* 536 S.W.2d 266, 288 (Tex.Civ.App.—Texarkana 1976, no writ).

Appellee argues, however, that no "damages" other than attorney's fees were sought in this case, but that their petition merely requested the court to "fix" the appraised value of their property in accordance with Tex.Tax Code Ann. § 42.24(1) (Vernon 1982). Appellee asks this court to analogize this case with *Walker v. Robinson,* 683 S.W.2d 875, 876 (Tex.App.—Texarkana 1984, no writ), in which the court held, in a suit to declare a deed void, that the default judgment could not be attacked on the basis of insufficient evidence on damages because damages were not an issue. Appellee contends that since they sought no monetary compensation in the form of damages, but only sought a declaration of value, no proof of value was required. We disagree.

Unlike *Walker,* the trial court was asked to make a specific "value" determination, not a mere declaration that a deed is void. There must be some factual basis in the record upon which the trial court can make that determination. We agree that liability issues such as "excessiveness" or "inequality" of property value may be deemed admitted by default, but we are unwilling to hold that a mere conclusory allegation of a requested property value in an unsworn petition is a sufficient basis upon which the trial court may "set" a property value in a default judgment setting. To hold otherwise would clearly remove all safeguards and go against the underlying theory behind proving up "damages." We sustain appellants' third point of error.

The remaining points of error are not dispositive of this appeal and are overruled. Tex.R.App.P. 90(a).

We REVERSE the judgment of the trial court and REMAND the cause for a trial on the merits.