Samuel WHITE and Willie
White, Appellants,

v.

Shirley Toliver PAYNE, Appellee.

No. 01–91–00208–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 1991.

Rehearing Denied Jan. 23, 1992.

Fred Jackson, Houston, for appellants.

Meyer Jacobson, Houston, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a default judgment. Shirley Toliver Payne, plaintiff below and appellee here, filed a declaratory judgment against Samuel and Willie White, defendants below and appellants here, to quiet her title to real property. The Whites did not answer and the trial court rendered a default judgment against them. We affirm.

In 1981, Payne filed a suit in trespass to try title against the Whites with the District Clerk of Harris County. That suit was assigned to the 129th District Court (the first suit). The Whites employed an attorney who filed an answer. Six years later, the case was set for trial on February 19, 1987.

On February 3, 1987, Payne filed another suit against the Whites on the same grounds with the District Clerk of Harris County. That suit was assigned to the 215th District Court (the second suit). On February 4, 1987, 15 days before the trial setting in the first suit, Payne filed a mo-

tion for a non-suit in the first suit, which was granted the same day. The return for the second suit indicates a constable completed service in that case on both the Whites on March 3, 1987. The Whites never answered the second suit.

On November 7, 1990, three years after filing the second suit, Payne secured a default judgment against the Whites in that suit.[1]

We note at the outset that the Whites have appealed without a statement of facts from a hearing on their motion for new trial, which severely diminishes their chance of success. There is no indication in the record before us that the Whites requested a hearing or that one was held. Because there is no statement of facts from a hearing on the motion for new trial, our review is limited to the affidavits. *Ward v. Nava,* 488 S.W.2d 736, 737 (Tex. 1972). We also note that the Whites' appeal is hampered by inadequate affidavits.

### 1. Declaratory judgment

■ In point of error one, the Whites argue the trial court abused its discretion in granting Payne's declaratory judgment. The Whites contend the trial court could not entertain the second suit (a suit for a declaratory judgment), because the first suit was pending at the time the second suit was filed, and the first suit was a suit between the same parties that could have adjudicated the same issues. *Eisenhauer v. Williams,* 537 S.W.2d 336, 337 (Tex. App.—San Antonio 1976, no writ).

The Whites, however, do not cite any authority that would permit us to hold that the second suit was void ab initio *when it was filed.* Here, when the second suit was filed, the first suit, which was a similar suit, was pending in the 195th District Court. A non-suit, however, was taken on the first suit one day after the second suit was filed.

We understand that the law prohibits the use of the Declaratory Judgment Act[2] to settle a suit already pending before a court. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990). We focus on the word "pending." Here, when the default judgment was entered in the second suit, no other suit was pending.

We overrule point of error one.

### 2. Default judgment

■ In point of error two, the Whites argue that the trial court erred in refusing to set aside the default judgment. The Whites allege they never received citation.

In their affidavits attached to their motion for new trial, the Whites state that they "did not receive notice of any new lawsuit." The officer's returns, however, show that copies of the citation with the petition attached were delivered to both Samuel and Willie White in person.

It is well established that when the officer's return on a citation, filed in the papers of the case, is regular, it may be impeached only by clear and satisfactory proof. *Willacy County v. South Padre Land Co.,* 767 S.W.2d 201, 203 (Tex.App.—Corpus Christi 1989, no writ). The affidavit testimony of the Whites alone, without corroborating facts or circumstances, does not overcome the presumption that the officer's return on the citation was correct. *Id.*

Because the Whites did not make any specific statement that they were not served (they merely said they did not receive notice), and did not offer any corroborating details or evidence, they did not overcome the presumption that the officer's return on the citation was correct. *Huffeldt v. Competition Drywall, Inc.,* 750 S.W.2d 272, 273 (Tex.App.—Houston [14th Dist.] 1988, no writ). Here, the record demonstrates strict compliance with the chosen method of service. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965).

We overrule point of error two.

---

1. In a record that leaves many questions unanswered; the most obvious one is why Payne filed a second suit, served the defendants, and then waited three years to ask for a default judgment.

2. Tex.Civ.Prac. & Rem.Code Ann. § 37.002(a) (Vernon 1986).

### 3. Attorney's fees

In point of error three, the Whites argue that the trial court erred in granting Payne attorney's fees. The Whites assert that a trial court in a declaratory judgment action is only authorized to award attorney's fees that are reasonable and necessary. *Tanglewood Homes Ass'n, Inc. v. Henke*, 728 S.W.2d 39, 45 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The Whites contend Payne did not prove the award of attorney fees was reasonable and necessary. We disagree.

In a declaratory judgment proceeding, the trial court may award attorneys fees in its discretion. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986); *Henke*, 728 S.W.2d at 44. Upon review of the award, we must invoke an abuse of discretion standard. *Henke*, 728 S.W.2d at 44.

At the default judgment hearing, the attorney for Payne testified:[3]

> I am a practicing lawyer in Harris County, Texas, and have been for more than 20 years. I was employed in this case to prepare and file this lawsuit and investigate the claim of title of the defendants. Ordering certified copies of documents, preparation of the case for trial and brief on the law, attend trial, all of which was 11 hours at $200 an hour, which is standard fee in this community, I claim $2,200 in attorney's fees.

The trial court awarded attorney's fees in the sum of $2,200. Nothing suggests that this amount was unreasonable or unnecessary.

The Whites have not shown an abuse of discretion. We overrule point of error three, and affirm the judgment.

---

**3.** We do have a statement of facts from the hearing on the default judgment.