**OLD REPUBLIC INS. CO., Appellant,**

v.

**Lola SCOTT, Appellee.**

**No. 12–90–00244–CV.**

Court of Appeals of Texas,
Tyler.

July 27, 1992.

Rehearing Denied Aug. 31, 1992.

Lawrence J. West, Houston, for appellant.

William A. Badders, Nacogdoches, for appellee.

CHADICK, Justice.[1]

This is a Worker's Compensation Act Suit. Lola Scott, as plaintiff, sued Old Republic Insurance Company, as defendant, for lump sum compensation benefits, medical expense, etc., in the District Court of Nacogdoches County. Though served with process, Old Republic failed to answer or appear, and default judgment was granted Ms. Scott some six months following institution of her suit.

Old Republic appealed and, as Appellant, briefs two points of error. Ms. Scott, as Appellee, has briefed one cross-point and two counterpoints of error.

Ms. Scott's cross-points raise a jurisdictional issue and will be considered first. The issue is whether or not the appeal costs bond herein was timely filed. At times pertinent to this appeal, the costs bond rule,[2] TEX.R.APP.P. 41(a), read as follows:

> When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party....
> 
> ....

The default judgment herein was signed, dated,[3] and entered February 1, 1990. On March 1, Old Republic filed a motion labeled "Motion to Set Aside Default Judgment Or, In the Alternative, Motion for New Trial." Timely filing within the Rule 41(a) ninety-day time frame required the bond to be filed prior to May 3. The appeal bond was actually filed August 9.

On March 16, Old Republic's March 1 set aside or in the alternative new trial motion was heard by the trial judge and at conclusion of the hearing the judge announced that decision would be deferred. By two subsequent written orders, the judge responded to the motion. By order dated April 16, the judge denied Old Republic's motion for new trial in part, and by the second order, dated May 4, rescinded the first and denied the motion for new trial in toto.

Old Republic, on June 8, filed a second motion for new trial. It is provided in TEX.R.CIV.P. 329b(b):

> One or more amended motions for new trial may be filed without leave of the court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.

The rule limits filing of motions for new trial subsequent to the first to a time frame preceding denial of the first motion filed and within thirty days after the date of the judgment or order complained of is signed. Old Republic's second motion for new trial is contrary to and violates both time restrictions.

There is no provision in TEX.R.CIV.P. 329b that authorizes a second motion for new trial after the first is overruled. The second motion therefore is a nullity and does not function to extend the appellate timetable. *See L.B. Foster Co. v. Glacier Energy, Inc.*, 714 S.W.2d 48 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); *see also, Wil-*

---

**1.** The panel before whom this cause was submitted consisted of T.C. Chadick, Associate Justice (Retired) the Supreme Court of Texas. Honorable Gerald T. Bissett, retired justice, Court of Appeals, Thirteenth District of Texas at Corpus Christi. Honorable Jackson B. Smith, Jr., retired justice, Court of Appeals, First District of Texas at Houston, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

**2.** The rule was amended September 4, 1990, retroactive to September 1, 1990.

**3.** All calendar dates hereafter mentioned occurred in the 1990 calendar year.

*lacy County Appraisal Review Board v. South Padre Land Co.*, 767 S.W.2d 201 (Tex.App.—Corpus Christi 1989, no writ); *Equinox Enterprises, Inc. v. Associated Media, Inc.*, 730 S.W.2d 872, 875 (Tex. App.—Dallas 1987, no writ); 4 R. Mc-DONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 18.06.4 (rev. 1984).

Neither the record nor the briefs of the parties suggest any valid court action that intentionally or otherwise enlarged the time period for filing the appeal costs bond.[4] For the reasons discussed, it must be and is held that the costs bond herein was not timely filed. Ms. Scott's cross-point is sustained and the appeal is dismissed.

---

**4.** Assuming a second motion for new trial was available to Old Republic and extended the bond filing period for an additional ninety days after the trial court's May 4 order overruling the original motion for new trial, the bond was not filed within the rule's ninety-day limit. The time frame for filing under such scenario would be May 5 to August 3. As previously mentioned, the costs bond was filed August 9.