**OLD REPUBLIC INSURANCE COMPANY, Petitioner,**

v.

**Lola SCOTT, Respondent.**

**No. D–2962.**

Supreme Court of Texas.

Feb. 3, 1993.

Rehearing Denied Feb. 3, 1993.

Lawrence J. West, Houston, for petitioner.

William A. Badders, Nacogdoches, for respondent.

**PER CURIAM.**

Our prior opinion is withdrawn and the following substituted therefor. Our judgment remains unchanged.

This is a worker's compensation case in which a default judgment was granted against Old Republic on February 1, 1990.[1] Old Republic filed a motion to set aside and motion for new trial on March 1. The default judgment was first modified on April 16, by order granting Old Republic's motion for new trial in part, setting aside the damages finding, and granting a hearing on Scott's damages. A second order, on May 4, included language which provided "for the denial of the Motion for New Trial without providing for a new trial on the issue of damages."; however, it failed to state clearly whether the prior judgment was reinstated. On May 14, a third order finally removed all ambiguity and stated that the court's "ruling that a hearing be held on damages is hereby rescinded and withdrawn and that Defendant's Motion to Set Aside Default Judgment or in the Alternative, Motion for New Trial be and it is *in all things* overruled (emphasis added)."[2] On June 8, Old Republic filed a second motion for new trial, which the trial court purported to strike by order dated July 17.

1. All relevant dates are in 1990.

2. The May 14 order amounts to something more than marking through the May 4 signing date and substituting another date on a final order.

Old Republic filed its appeal bond on August 9. On appeal, Old Republic complained that the trial court abused its discretion in not granting its motion to set aside the default judgment or alternative motion for new trial. Old Republic further complained that the trial court erroneously concluded that it did not have jurisdiction to hear its second motion for new trial. The court of appeals dismissed the appeal for want of jurisdiction, stating that the appeal bond had not been timely filed. 834 S.W.2d 608.

■ We hold that the May 14 order, which essentially reinstated the original default judgment, operated as an order modifying, correcting, or reforming the original default judgment, automatically beginning the appellate timetable anew from its date. Tex.R.Civ.P. 306a, 329b(h); *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex.1988); *Goff v. Tuchescherer*, 627 S.W.2d 397, 398 (Tex. 1982). A motion for new trial extends the time for filing the appeal bond for ninety days after the modified judgment has been signed. Tex.R.App.P. 41(a)(1).

■ The June 8 motion for new trial was improperly and ineffectively "stricken" by the trial court. The **filing** of a motion for new trial in order to extend the appellate timetable is a matter of right, whether or not there is any sound or reasonable basis for the conclusion that a further motion is necessary. *See generally, Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979). Even so, when the trial court set aside the award of damages on April 16 and ordered a new trial on that issue, there was no longer a final judgment from which an appeal could be taken. There was no new final judgment until the May 14 judgment; therefore, there is no "second motion for new trial" problem. *See Mesa Agro v. R.C. Dove & Sons*, 584 S.W.2d 506, 508–10 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.).

*Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988); *cf. Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973). This appeal, therefore, does not raise the issue of an attempt to extend appellate deadlines by signing the same judgment again.

834

■ The deadline for the appeal bond was extended to August 12, ninety days after the May 14 order was signed, not May 3, as stated in the court of appeals opinion. Old Republic's August 9 appeal bond was timely filed. Dismissal by the court of appeals was improper.

We grant the application of Old Republic Insurance Company and, without hearing argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to that court for further proceedings consistent with this opinion. TEX.R.APP.P. 170.