**OLD REPUBLIC INSURANCE COMPANY, Appellant,**

v.

**Lola SCOTT, Appellee.**

**No. 12–90–00244–CV.**

Court of Appeals of Texas, Tyler.

June 7, 1993.

Rehearing Denied Aug. 2, 1993.

---

Lawrence J. West, Houston, for appellant.

William A. Badders, Nacogdoches, for appellee.

## OPINION ON REMAND

CHADICK, Justice.[1]

This is a workers' compensation case. The judgment of the trial court is affirmed.

By an action filed in a district court of Nacogdoches County, Lola Scott, an employee of ARA Services/Daybridge Learning Center, sued Old Republic Insurance Company, the compensation carrier for her employer, to recover compensation and medical expense for an injury alleged to have occurred in the course and scope of her employment. A default judgment in her favor was rendered on the first day of February, 1990. Old Republic perfected an appeal. The case is in this Court upon remand.[2]

A general inspection of Old Republic's first and second motions to set aside the default judgment, or in the alternative grant a new trial, will clarify each party's present position and identify the issues to be resolved.

### APPELLANT'S MOTION FILED MARCH 1, 1990 [3]

A hearing on the motion was held and an order was entered April 16, adjudging "that the motion must be and is denied," but the order modified the denial by granting Old Republic an option to request a hearing "as to damages." Then, on May 4, a second order was entered declaring the "order of April 16, 1990, is superseded by this order providing for the denial of the motion for new trial without providing for new trial on the issue of damages." Thereafter, on May

---

1. The panel before whom this cause was submitted consisted of T.C. Chadick, retired chief justice Court of Appeals, Sixth District of Texas at Texarkana. Honorable Gerald T. Bissett, retired justice, Court of Appeals, Thirteenth District of Texas at Corpus Christi. Honorable Jackson B. Smith, Jr., retired justice, Court of Appeals, First District of Texas at Houston, sitting by assignment of the Chief Justice of the Texas Supreme

Court pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. *Old Republic Ins. Co. v. Scott,* 846 S.W.2d 832 (Tex.1993).

3. All relevant dates are in 1990 unless otherwise stated.

14, a formal written order was entered that rescinded the April 16 order allowing a hearing on damages and overruled Old Republic's March 1 motion.

Old Republic's March 1 motion alleged that its failure to file an answer was not intentional, nor the result of conscious indifference, but rather the result of a mistake. Also that it had a meritorious defense to Lola Scott's claims and requested the court to set aside the judgment against it. An affidavit by Cherie Davis was attached to the motion, reciting facts and circumstances relied upon to support the motion. Lola Scott offered no proof contradictory to the Davis affidavit, or otherwise.

■ The parties recognize the determinative rule in this instance is found in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (Comm'n App.1939, opinion adopted), where it is said:

A default judgment should be set aside and a new trial ordered in any case which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity.

From this extract, it is apparent that the rule has three branches or elements which must be proven in order to gain relief from a default judgment. A defendant must (1) show that failure to answer before judgment was not intentional or the result of conscious indifference on the defendant's part, but was due to a mistake or an accident, (2) set up a meritorious defense, and (3) not occasion delay. Element (1) is the only component of the rule addressed in the hearing that preceded the order of April 16.

## APPELLANT'S MOTION FOR NEW TRIAL FILED JUNE 8

■ The motion alleged Old Republic had "satisfied its burden of establishing it met the requirements set forth in *Craddock v. Sunshine Bus Lines,* [134 Tex. 388] 133 S.W.2d 120 [124], 126 (Tex.1939)," along with other pleadings. The motion by reference incorporated, as though set out in full, Old Republic's motion of March 1 and accompanying affidavit, as well as its brief in support of the June 8 motion and its accompanying affidavits and other material. All referenced documents were attached as exhibits. Included as an exhibit is the constable's return showing citation in the cause was served upon Lola Scott on June 30, 1989.

Old Republic's June 8 motion along with Lola Scott's plea to the court's jurisdiction and motion to strike were heard on June 17 by a visiting judge. Lola Scott made no effort to contradict by proof or otherwise Old Republic's evidence contained in affidavits and exhibits accompanying its motion. At conclusion of the hearing, judgment was entered that the June 8 motion for new trial "be stricken, held for naught, and in all things overruled."

## POSTURE OF PARTIES AND ISSUES

The Supreme Court determined that the May 14 order, which "essentially reinstated the original default judgment, operated as an order modifying, correcting or reforming the default judgment," thus establishing the May 14 judgment as the final appealable judgment in the case. Also, that court held that the June 8 motion for new trial was improperly and ineffectively stricken by the trial court. Lola Scott's brief in the Supreme Court tendered a res adjudicata issue, that is, that the May 14 judgment was a final determination of the *Craddock v. Sunshine Bus Lines* issues and that the June 8 motion for new trial was an effort to redetermine these issues. The Supreme Court rejected the contention without discussion.

Unquestionably, striking Old Republic's June 8 motion the trial court effectively denied the motion. Old Republic's single point of error raises the overall issue that the trial court abused its discretion in refusing to grant the June 8 motion. The position of Lola Scott is that of an appellee, who has briefed no cross-points, relying upon the rec-

ord to sustain the judgment awarded by the trial court. The position of Old Republic is that of an appellant with the burden, which its brief acknowledges, of showing the record reflects reversible error that caused the rendition of an improper judgment in the trial court.

## DISPOSITION

The statement of facts shows the June 8 motion was not contested by Lola Scott on its merits at the June 17 hearing. That is to say, she treated the motion as immaterial and concentrated upon her motion to strike. The record contains no objection by Lola Scott to the form or substance of the June 8 motion or to consideration of affidavits or exhibits attached to Old Republic's motion or to the legal or factual insufficiency of the evidence produced to sustain the motion.

As mentioned, the single point of error to be resolved is whether or not the trial judge abused his discretion by overruling Old Republic's June 8 motion for new trial. The discretion accorded the trial judge in this instance is "not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principal." *Craddock v. Sunshine Bus Lines*, 133 S.W.2d at 126.

Since Lola Scott did not offer evidence contradicting in any way the evidence in the Davis affidavit, and as the affidavit is the sole source of evidence relied upon by Old Republic, a decisive question arises, if the Davis [4] affidavit may be considered,[5] as to whether or not the evidence is legally sufficient to prove that Old Republic's default was not intentional or the result of conscious indifference, but was due to mistake or accident.[6] Among the guideposts to be followed in appraising this evidence is TEX.R.CIV.EVID. 801, which provides that inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay; however, as a general rule conclusory opinions of nonexpert witnesses and conjecture of a witness has no probative value. *See City of Dallas v. Furrh*, 541 S.W.2d 271 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e).

Aside from the Davis affidavit, the record shows citation in the initial lawsuit was served upon a vice-president of Old Republic on June 30, 1989. The citation commanded Old Republic to appear in the case by filing a written answer to the Plaintiff's Original Petition on or before 10:00 a.m. on July 23, 1989.

The Davis affidavit contains evidence that in July and August, 1989, Alexsis, Inc. was preparing to and did thereafter transfer files

4. The affidavit stated:

1. ... I am adult resident of Harris County, Texas, of sound mind and am otherwise competent to make and give this Affidavit. I have personal knowledge of the statements made herein and/or information provided to me by other persons upon whom I have relied and to the best of my knowledge they are true and correct.

2. In July of 1989, I was employed as a claims adjuster by Alexsis, Inc., (hereinafter "Alexsis"), 5851 San Felipe, Suite 500, Houston, Texas and am still employed as such.

3. In July and August of 1989, Alexsis was in the process of preparing for transfer on September 1, 1989, approximately 1100 files to another adjuster, Adjustco, Inc. (hereinafter "Adjustco"). Among those files being transferred was all files involving ARA Living Center as the insured. To the best of my knowledge the Plaintiff's Original Petition involving Lola Scott, an employee of ARA Services, Inc., upon receipt by Alexsis, was inadvertently forwarded to Adjustco by overzealous support staff eager to complete the move as quickly as possible (a temporary mail clerk was hired to assist Alexsis during this time) or other-

wise loaded up into a box containing ARA Living Center files, and then mailed to Adjustco.

4. To the best of my knowledge the Plaintiff's Original Petition was never received by appropriate personnel at Alexsis and thus, no action was taken.

5. The actions of Alexsis were not the result of conscious indifference but rather were the result of mistake caused by the state of confusion surrounding the preparation for the move which took place on Sept. 1, 1989.

6. To the best of my knowledge we were neither contacted by telephone nor in writing by the plaintiff's attorney of his pending lawsuit against Old Republic Insurance Company after process was served on Evelyn Houghton on July 10, 1989.

5. Written instruments attached to pleadings may not be considered unless offered as evidence. *See Carey Crutcher v. Mid–Coast Diesel Services*, 725 S.W.2d 500, 502 (Tex.App.—Corpus Christi, 1987, no writ).

6. The other elements of the *Craddock v. Sunshine Bus Lines* rule are assumed to be established.

involving ARA Living Center to a company named Adjustco, Inc. During this July/August time period, the actual day not shown, Lola Scott's Plaintiff's Original Petition was received by Alexsis. From the fact that within an approximate time period of sixty days after service of citation, Alexsis received Lola Scott's petition raises an inference that, by an undisclosed arrangement, Alexsis was entitled to its custody. Perhaps that fact and the circumstance that Davis was a claims adjuster employed by Alexsis, a bare inference is raised that Alexsis was authorized to take part in adjustment of Lola Scott's claim.

Much of the Davis affidavit is conjecture and immaterial to the question at hand. The affidavit is silent as to any agreement or arrangement between Old Republic and Alexsis authorizing Old Republic to rely upon Alexsis as a claims administrator or to file legal pleadings in Old Republic's behalf. Also, there is no evidence from any source of Old Republic's system of handling legal citations initiating lawsuits against it. Any conclusion, except that heretofore noted, as to a relationship between the two corporations must rest on speculation, not facts. Except as noted, the remainder of the affidavit is merely conjecture and immaterial. A fair reading, and reasonable construction of all facts and reasonable inferences to be gleaned from the affidavit, compel a conclusion that the facts produced are not legally sufficient to prove either Old Republic's or Alexsis' failure to file an answer in the action was not intentional or the result of conscious indifference on the part of either, but was due to a mistake or accident.

Old Republic argues that the facts underlying the *Craddock* opinion are almost identical to those involving Old Republic in this case. It makes the same claim with respect to *Ward v. Nava,* 488 S.W.2d 736 (Tex.1972); *Dallas Heating Co. v. Pardee,* 561 S.W.2d 16, 19 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); and *Reynolds v. Looney,* 389 S.W.2d 100, 101 (Tex.Civ.App.—Eastland 1965, writ ref'd n.r.e.). These cases and the facts undergirding them have been considered, and for the reasons discussed above, are found to be distinguishable.

There is no basis in the record for a conclusion that the trial judge abused his discretion. Old Republic's single point of error is overruled. The judgment of the trial court is affirmed.