OLD REPUBLIC INSURANCE
COMPANY, Appellant,

v.

Lola SCOTT, Appellee.

No. 12–90–00244–CV.

Court of Appeals of Texas,
Tyler.

Nov. 30, 1994.

Lawrence J. West, Houston, for appellant.

William A. Baddens, Nacogdoches, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

## OPINION ON REMAND

BILL BASS, Justice.

█ This is a remand from the Texas Supreme Court.[1] The court held that we erred when we affirmed the trial court's ruling denying Appellant's equitable motion for new trial solely on the basis of the first prong of the *Craddock v. Sunshine Bus Lines* [2] test. On remand, we are called upon to consider the final two prongs of the *Craddock* test.

Appellee Lola Scott, alleging on-the-job injuries while working as an ARA food services employee, filed a claim for medical and disability coverage with Appellant Old Republic. After Old Republic denied the claim, Scott sued for benefits. Old Republic failed to answer and Scott obtained a default judgment. Old Republic filed two motions for new trial and attached affidavits supporting its contention that its failure to answer was due to a mistake, and not intentional or the result of conscious indifference. We held otherwise and reasoned that Old Republic's motions and supporting affidavits contained only conclusory statements, speculation, and conjecture; accordingly, we concluded that the facts produced were not legally sufficient to meet its burden of proof under the first prong of *Craddock*. *Old Republic v. Scott*, 862 S.W.2d 639, 643 (Tex.App.—Tyler 1993, writ den'd).

The Texas Supreme Court, in a *per curiam* opinion, held that Old Republic "satisfied its burden and introduced affidavits which set forth facts establishing that its failure to answer was a mistake or accidental, and not intentional or the result of conscious indifference." *Old Republic v. Scott*, 873 S.W.2d 381, 382 (Tex.1994). The court further remanded the cause back to this court "for a determination concerning the second and third prongs of *Craddock*." *Id.*

█ The second part of the *Craddock* test requires the defendant, in its motion for new trial, to set up a meritorious defense. *Craddock*, 133 S.W.2d at 126. The existence of a meritorious defense must be alleged in the motion and supported by affidavits or other evidence of the defense sufficient to make a prima facie showing of a meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966). If the motion and supporting evidence are sufficient to make such a prima facie showing, the court may not deny the motion based on counter-affidavits or contradictory testimony. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex.1993).

█ Old Republic filed two motions for new trial. The first motion, filed on March 1, 1989, was initially granted in part, but the court subsequently rescinded its ruling and overruled the original motion for new trial. Following this ruling, Old Republic filed its second motion for new trial and brief in support of the motion. The court struck the second motion for new trial. However, the supreme court held that the second motion was improperly struck because the trial court's order rescinding its first order and overruling Old Republic's first motion for new trial became the only final judgment. *Old Republic v. Scott*, 846 S.W.2d 832, 833 (Tex.1993). Consequently, contrary to Scott's contention, the second motion for new trial is the effective motion for purposes of our review under *Craddock*.

█ Filed on the same day as its second motion for new trial, Old Republic filed its brief in support of its motion for new trial. Old Republic asserted in its brief, supported

---

1. The history of this case is quite complex. Originally, we dismissed Appellant's appeal on jurisdictional grounds. *Old Republic Ins. Co. v. Scott*, 834 S.W.2d 608 (Tex.App.—Tyler 1992). The supreme court reversed and remanded for consideration of the merits of Appellant's appeal. 846 S.W.2d 832 (Tex.1993). On remand, we affirmed the trial court on the basis that Appellant failed to meet the first prong of *Craddock*. 862 S.W.2d 639 (Tex.App.—Tyler 1993). The supreme court again reversed and remanded for our consideration of the second and third prongs of *Craddock*. 873 S.W.2d 381 (Tex.1994).

2. 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The trial court's decision to overrule a new trial motion is subject to review for abuse of discretion, which must be guided by a three-part test: (1) the defendant's failure to answer before judgment was not intentional, or the result of conscious indifference on the defendant's part, but was due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion is filed at a time when its granting would not result in a delay or otherwise injure the plaintiff. *Craddock*, 133 S.W.2d at 126.

by the affidavit of David Braley, that the damages awarded Scott for her on-the-job injury were based on a weekly wage that was greater than Scott's actual weekly wage. Furthermore, Old Republic alleged, again supported by the Braley affidavit, that Scott's incapacity was at least partially caused when she fell in a 7–Eleven store prior to her on-the-job injury. Based on their motion, brief, and supporting affidavits, we conclude that Old Republic has made a prima facie showing of a meritorious defense. *See Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex. 1966). Therefore, the second prong of *Craddock* had been established.

The third part of *Craddock* requires that the motion for new trial be filed at a time when its granting would not result in a delay or otherwise injure the plaintiff. *Craddock,* 133 S.W.2d at 126. Old Republic's brief in support of its motion for new trial represented that granting the motion would not cause delay or prejudice Scott because Old Republic was ready to go to trial immediately (at the time motion was filed), which was months before the earliest possible trial date. Furthermore, Old Republic offered to reimburse Scott for attorney's fees and costs incurred in securing the default judgment. *See United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958, 959 (Tex.1976). These representations shifted the burden to Scott to prove injury. *See Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987). None of the allegations in the motion and in the affidavits supporting it were controverted by Scott in the trial court. Consequently, there is no evidence that Scott would have suffered injury if a new trial was granted.

Under the facts of this case, we hold that the Old Republic satisfied the requirements of *Craddock.* We conclude that the trial court abused its discretion by overruling Old Republic's motion for new trial.

We reverse the judgment of the trial court and remand the cause for a new trial.