NUMBER 13-99-584-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

JOHNNY ATWOOD AND GAYLE ATWOOD, Appellants,


v.



B & R SUPPLY & EQUIPMENT CO., INC., Appellee.

__________________________________________________________________


On appeal from the 36th District Court of Aransas County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Chavez (1) 

Opinion by Justice Yañez



Johnny and Gayle Atwood appeal from a default judgment rendered against them in favor of B&R Supply and Equipment
Company, (B&R). We reverse and remand.

This case arises from a contract dispute between the Atwoods and B&R. The Atwoods hired Moreno Roofing Company to
repair hail damage to the roof of the Atwoods' home. (2) B & R supplied materials for the repair work. After the completion
of the work, B&R brought suit against the Atwoods, alleging that the Atwoods had breached an agreement in which the
Atwoods agreed to pay Moreno Roofing with checks requiring B&R's signature as well as that of Moreno Roofing.
According to B&R's pleadings, the Atwoods issued checks that required only Moreno Roofing's signature and, as a result,
B&R was not paid for the materials used in the roofing repair. B&R filed an affidavit for a lien on the Atwoods' property to
secure payment of the money claimed by B&R.

The Atwoods did not file a response to B&R's suit, and the trial court rendered a default judgment against them on April 5,
1999. The Atwoods now bring a restricted appeal to challenge the default judgment. See Tex. R. App. P. 30.

In their first point of error, the Atwoods argue that service was improper because, although B&R served its original
petition, B&R failed to serve the amended petition, upon which the default judgment was based.

There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a
default judgment. Palomin v. Zarsky Lumber Co., 26 S.W.3d 690, 693 (Tex. App.-Corpus Christi, no pet.); Uvalde
Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.1985). A default judgment is improper against a
defendant who has not been served in strict compliance with the law, even if the defendant had actual knowledge of the
lawsuit. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). When a party has been served with citation for the original
petition, new citation for amended petitions is necessary for a party who has not appeared only when the plaintiff, by an
amended petition, seeks a more onerous judgment than prayed for in the original pleading. Weaver v. Hartford Accident
and Indem. Co., 570 S.W.2d 367, 370 (Tex. 1978); Palomin, 26 S.W.3d at 693. 

In the case now before this Court, the record contains the sheriff's returns for B&R's original petition, thus showing that the
Atwoods were served with the original petition. However, the record shows no service of B&R's second amended
petition.(3) Having found that the Atwoods were served with the original petition, we must now determine if the second
amended petition, upon which the default judgment was granted, seeks a more onerous judgment than prayed for in the
original petition. See Weaver, 570 S.W.2d at 370. 

In both its original petition and its second amended petition, B&R sought recovery of contract damages totaling $5,174.23,
pre-judgment interest, post-judgment interest, and "reasonable and necessary attorneys' fees" in an unspecified amount. The
original petition further requested the foreclosure of the lien filed by B&R. The original petition is worded to comply with
the requirements of a suit on a sworn account; however, it is not supported with an affidavit as is required for suits on
sworn accounts. See Tex. R. Civ. P. 185.

The second amended petition is similar to the original petition; however, B&R specifies the amount of attorneys' fees
requested as $1,500 "to date," $2,500 in the event of an appeal, $1,000 should a petition for review be filed with the Texas
Supreme Court, and $1,500 if the supreme court grants the petition for review. The second amended petition is also
supported by the affidavit of B&R's attorney, stating that all the statements contained in the petition are within his personal
knowledge and are true and correct. This verification converts the second amended petition from a simple suit alleging
breach of contract to a suit on a sworn account. See Tex. R. Civ. P. 185. This constitutes a request for a more onerous
judgment than prayed for in the original pleading.



When served with a petition alleging breach of contract, a defendant who fails to answer risks a default judgment as to
contract liability; however unliquidated contract damages cannot be assessed absent an evidentiary hearing. Tex. R. Civ. P.
243; Morgan v. Compugraphic Corp., 675, S.W.2d 729, 731 (Tex. 1984); Willacy County v. South Padre Land Co., 767
S.W.2d 201, 204 (Tex. App.-Corpus Christi 1989, no writ). A claim is unliquidated if the amount of damages cannot be
accurately calculated by the trial court from the factual allegations in the plaintiff's petition and the written contract. Abcon
Paving Inc., v. Crissup, 820 S.W.2d 951, 953 (Tex. App.-Fort Worth 1991, no writ); South Padre Land Co., 767 S.W.2d at
204. Although B&R's original petition contains factual allegations which would allow the court to calculate damages, these
allegations are not supported by any written instrument, thus the contract damages are unliquidated and must be proven as
required by rule 243. Tex. R. Civ. P. 243; Abcon Paving, Inc., 820 S.W.2d at 953-54; South Padre Land Co., 767 S.W.2d
at 204.

A suit on a sworn account differs from an unsworn action for breach of contract because, absent the filing of a verified
denial of the suit, the allegations contained in the plaintiff's pleadings are taken as prima facie evidence of the claim,
including unliquidated damages. Tex. R. Civ. P. 185; Vance v. Holloway, 689 S.W.2d 403, 403-04 (Tex. !985); Rush v.
Montgomery Ward, 757 S.W.2d 521, 522 (Tex. App.-Houston [14th Dist.] 1988, writ denied).



The seconded amended petition, which was not served on the Atwoods, requested a more onerous judgment than the
original amended petition. The original petition subjected the Atwoods to a judgment of liability for breach of contract,
while the second amended petition subjected the Atwoods not only to a judgment for liability, but also to a judgment for
damages. We sustain the Atwoods' first point of error. Because this point is dispositve, we do not address the Atwoods'
second point of error. Tex. R. App. P. 47.1.

The judgment of the trial court is REVERSED and this case is REMANDED for further action consistent with this opinion.

 

LINDA REYNA YAÑEZ

Justice




Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

21st day of June, 2001.


1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998). 

2. The roofing company is not a party to this suit.

3. The record contains copies of sheriff's returns, dated October 22, 1998, showing service of the original petition. Copies
of these same returns are included following the second amended petition, which was filed on March 15, 1999. Apparently
these returns were erroneously included in the record after the second amended petition. There are no documents in the
record showing that the second amended petition was ever served on the Atwoods.