**Opinion filed January 5, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00356-CV
_____

## WILLIAM W. RUTH AND MEDICAL PARK MEMORIAL CENTER, INC., Appellants

## V.

## JOE COOKSEY, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV2204097**

### M E M O R A N D U M   O P I N I O N

William W. Ruth and Medical Park Memorial Center, Inc., Appellants, filed this appeal from a final judgment in which the trial court granted a motion to dismiss under the Texas Citizens Participation Act and dismissed Appellants' claims with prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2020) (the TCPA). The trial court signed the judgment on November 8, 2022. Upon docketing this appeal, the clerk of this court wrote the parties and informed them

that the notice of appeal, which was filed on December 19, 2022, appeared to have been untimely filed. We requested that Appellants respond and show grounds to continue the appeal. Appellee, Joe Cooksey, subsequently filed a motion to dismiss this appeal for lack of jurisdiction.

Appellants filed a response, an amended notice of appeal, and a motion to extend the deadline for the notice of appeal. Appellants assert that, prior to filing the December 19 notice of appeal, they filed a "notice of appeal" on December 6, 2022—within the fifteen-day grace period authorized by the Texas Rules of Appellate Procedure. Appellants assert that the December 6 document, which Appellants attached to their amended notice of appeal, constituted a "bona fide attempt to invoke this Court's appellate jurisdiction." We disagree.

In the December 6 document, styled "Specific Issues as to Finding of Facts and Conclusion of Law in Order for a Motion for New Trial and/or Appeal to be Filed," Appellants set forth various complaints about the trial court's ruling under the TCPA. The document is addressed to the trial court and requests that court "to address these facts and issues," as well as other statements about Appellant Ruth that Appellee "caused to be published." In the final paragraph of the December 6 document, Appellants state:

> For these reasons, Plaintiffs intend to file a Motion for New Trial prior to November 8, 2002 [sic] and/or appeal this matter based upon the above-referenced adverse ruling which is not supported in fact or law, and asks that the court to [sic] conform its ruling according to the statute.

We agree with Appellants that we must *not* look to "the form or substance" of the December 6 document to determine whether it constitutes a notice of appeal; rather, we must determine whether the December 6 document "was filed in a bona fide attempt to invoke appellate court jurisdiction." *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d

838, 839 (Tex. 2008) (quoting *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989)); *see also State ex rel. Durden v. Shahan*, No. 21-1003, 2022 WL 17998216, at \*3 (Tex. Dec. 30, 2022) (holding that notices of appeal that expressly described the appellant's attempt to appeal all issues as to all parties constituted a bona fide attempt to invoke appellate jurisdiction); *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022) ("Texas law greatly favors resolving litigation on the merits rather than on procedural technicalities."). A timely filed instrument will invoke the appellate court's jurisdiction *if* it demonstrates *a bona fide attempt* to do so, and appellate courts must grant an appellant a reasonable opportunity to correct a procedural defect before dismissing an appeal because of that defect. *Durden*, 2022 WL 17998216, at \*3; *In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013).

We cannot conclude, however, that the December 6 document was filed in a bona fide attempt to invoke this court's appellate jurisdiction. First, the document was addressed to the trial court and requested relief from that court. Second, the document contemplates the *future* filing of a motion for new trial "and/or" a notice of appeal. Third, on December 5, 2022, Appellants filed a "Motion for New Trial (To Extend the Appellate Deadlines)" "as allowed by *Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 (Tex. 1993)." The supreme court in *Scott* stated that the filing of a motion for new trial in order to extend the appellate timetable is a matter of right, and it determined that Old Republic's motion for new trial therefore extended the deadline for the filing of its notice of appeal, making the notice of appeal due ninety days after the judgment was signed. *See* 846 S.W.2d at 833; *see also* Tex. R. App. P. 26.1(a). Appellants' reliance on *Scott* was misplaced, however, because the appeal in *Scott* was *not* an accelerated appeal. The filing of a motion for new trial, or other post-trial motion, "will not extend the time to perfect an accelerated appeal." Tex. R. App. P. 28.1(b); *accord In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005)

3

(holding that motion for new trial will not operate to extend the appellate deadline in an accelerated appeal and that the filing of a motion for new trial does not constitute a bona fide attempt to invoke the jurisdiction of the court of appeals). Because the appeal currently pending before us is an accelerated appeal, the deadline for Appellants to file their notice of appeal could not be extended by a motion for new trial.

The appellate timetables in this case began on the date that the trial court signed its Order and Final Judgment—November 8, 2022. Accelerated timetables apply to this appeal because it is an expedited appeal from a final order of dismissal under Section 27.003 of the TCPA. *See* CIV. PRAC. & REM. § 27.008(b); TEX. R. APP. P. 28.1(a); *Ruff v. Wick Phillips Gould & Martin, LLP*, No. 11-21-00130-CV, 2021 WL 3087505, at *2 (Tex. App.—Eastland July 22, 2021, no pet.) (mem. op.) (holding that final order of dismissal under Section 27.003 of the TCPA is an expedited appeal subject to accelerated appellate timetables); *Deepwell Energy Servs., LLC v. Aveda Transp. & Energy Servs.*, No. 11-20-00067-CV, 2020 WL 1625522, at *2 (Tex. App.—Eastland Apr. 2, 2020, pet. denied) (mem. op.) (same); *see also Lasater v. Thompson*, No. 02-20-00290-CV, 2021 WL 386957, at *2 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem. op.) (rejecting argument that Section 27.008(b) applies only to an order denying a motion to dismiss and holding that statute's plain language provides that any appeal from a trial court order on a TCPA motion to dismiss is expedited and, therefore, accelerated).

Pursuant to the applicable accelerated timetables, the notice of appeal in this case was due to be filed on November 28, 2022—twenty days after the November 8 judgment was signed. *See* TEX. R. APP. P. 26.1(b), 28.1(b). Appellant's notice of appeal was not filed until December 19, 2022—forty-one days after the date that the trial court signed the judgment. Thus, the notice of appeal was also filed outside the

fifteen-day extension period permitted by the rules. *See* TEX. R. APP. P. 26.3, 28.1(b). The notice of appeal was therefore untimely.

Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.— Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Accordingly, we deny Appellants' motion to extend the deadline to file their notice of appeal. Because we are without jurisdiction over the appeal and are prohibited from granting an extension under the circumstances present in this appeal, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we grant Appellee's motion to dismiss, and we dismiss this appeal for want of jurisdiction.

PER CURIAM

January 5, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

5