**L.B. FOSTER CO., Appellant,**

v.

**GLACIER ENERGY, INC., Appellee.**

**No. 04–85–00554–CV.**

Court of Appeals of Texas,
San Antonio.

July 2, 1986.

Rehearing Denied July 28, 1986.

Steve Hastings, Corpus Christi, for appellant.

David J. Dunn, Corpus Christi, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a default judgment. Defendant (L.B. Foster & Co.) brings one point of error: that the trial court erred in overruling defendant's amended motion for new trial. This court will address two issues raised by counterpoints as to the pleadings: whether the plaintiff's amended motion for new trial was timely filed and whether the original motion for new trial met the requirements to set aside a default judgment.

Pertinent timetable:

| | | |
|---|---|---|
| 1. | Default judgment signed. | August 27, 1985 |
| 2. | Motion for New Trial filed. | September 24, 1985 |
| 3. | 30 days after judgment signed. | September 26, 1985 |
| 4. | Amended Motion for New Trial filed. | October 22, 1985 |
| 5. | Order overruling Motion for New Trial. | October 25, 1985 |

▪ Plaintiff (Glacier Energy, Inc.) argues that the Amended Motion for New Trial was not timely filed. The filing date of record shows the amended motion was filed fifty-six days subsequent to the date the judgment was signed.

TEX.R.CIV.P. 329b provides, in part:

\*     \*     \*     \*     \*     \*

(a) A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed.

(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and *within thirty days after the judgment* or other order complained of *is signed.* (Emphasis added)

\*     \*     \*     \*     \*     \*

The rule is clearly written. Any amended motion for new trial must be filed within the thirty day period following the signing of the judgment. *Lind v. Gresham,* 672

S.W.2d 20, 22 (Tex.App.—Houston [14th Dist.] 1984, no writ). Although rule 329b has been amended since the decision in *Thomas v. Davis*, 553 S.W.2d 624 (Tex. 1977), the same rationale applies as to late filing of a motion for new trial. In that case the court stated that the Court of Appeals had no jurisdiction to consider the appeal from the order overruling the late filed motion for new trial.

It is rule 329b which governs motions to set aside default judgments. *Broussard v. Dunn*, 568 S.W.2d 126, 128 (Tex.1978). The filing of an amended motion for new trial after thirty days from the signing of the judgment will not extend the court's jurisdiction over the judgment beyond the thirty-day period prescribed by the rule.

We hold that the amended motion for new trial was not timely filed. It therefore could not be considered by the trial court, and that court could not extend its jurisdiction beyond the thirty-day period by hearing evidence on the amended motion, since the amended motion was a nullity. TEX.R. CIV.P. 5 prohibits a trial court from enlarging "the period for taking any action under the rules relating to new trials ..."

█ This leaves only the original motion for new trial before this appellate court (and the trial court). The question becomes whether the trial court abused its discretion in denying that first motion. We hold it did not.

The motion for new trial, although timely filed, stated conclusions only and failed to allege any facts.: "The failure [to file an answer] was not intentional, or the result of conscious indifference ... but was due to mistake and accident." The motion stated that affidavits to this effect "will be filed forthwith ... by amendment ..." It alleged the defendant had a meritorious defense and would also submit its defense by amendment. As stated before, the amended motion was not timely filed, thus leaving only these bare conclusory allegations to be considered.

The kinds of facts which must be alleged, as outlined in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124

(1939), were not included in the motion for new trial. *See Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). *Ivy v. Carrell* makes it clear that facts must be alleged. In discussing how to "set up" a meritorious defense, that court wrote that "this does not mean the motion should be granted if it merely alleges that the defendant has a meritorious defense." There must be alleged facts which in law would constitute a defense, and these must be supported by affidavits or other evidence proving prima facie such meritorious defense. *Id.* at 214. While the late filed amended motion in the present case did contain allegations of facts and affidavits to support those allegations, we are without jurisdiction to consider that amended motion.

The trial court did not abuse its discretion in overruling the motion for new trial. The judgment is affirmed.