**HOMART DEVELOPMENT COMPANY, Relators,**

v.

**Honorable William N. BLANTON, Jr., Judge of the 11th District Court, Harris County, Texas, Respondent.**

**No. 01–88–00164–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 19, 1988.

Rehearing Denied Aug. 17, 1988.

John R. Guest, Mattingly & Marsh, Houston, for relators.

William H. Blanton, Stephen W. Boyd, Houston, for respondent.

EVANS, C.J., and DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

Relator, Homart Development Company, asks this Court to order respondent, the Honorable William N. Blanton, Jr., Judge of the 11th District Court of Harris County, Texas, to vacate his order reinstating a default judgment.

Relator, the defendant in the underlying suit, succeeded in having a default judgment set aside by the trial court. The trial court vacated the previous order, believing that it lacked jurisdiction to set aside the default judgment.

The dates of the pertinent events are as follows:

October 29, 1987—Default judgment signed.

November 17, 1987—Motion to set aside filed.

December 14, 1987—Motion to set aside denied.

December 28, 1987—Motion for rehearing filed.

January 7, 1988—Default judgment set aside.

January 29, 1988—January 7 order vacated and case removed from active trial docket.

■ A motion to set aside a default judgment has the same effect as, and is subject to the same deadlines as, a motion for new trial. *See, e.g., Broussard v. Dunn*, 568 S.W.2d 126, 128 (Tex.1978).

When a motion for new trial is timely filed, the trial court has 75 days from the date the judgment is signed to grant or deny the motion. Tex.R.Civ.P. 329b(c). The motion is deemed overruled by operation of law if not ruled on by that date. Tex.R.Civ.P. 329b(c). The trial court retains plenary power over the judgment for 30 days after all timely motions are *overruled,* whether by signed order or by operation of law. Tex.R.Civ.P. 329b(c).

The trial court's plenary power, however, is not extended after the court *grants* a motion for new trial. *Alvarez v. Brasch,* 747 S.W.2d 551 (Tex.App.—Corpus Christi 1988, orig. proceeding). Any reconsideration of the order granting the trial must be accomplished within the 75–day period. *See Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (Tex.1961); 4 R. McDonald, *Texas Civil Practice in District and County Courts,* § 18.03 (rev. 1984).

Here, the 75–day cutoff period from the date of judgment was January 12, 1988. The trial court granted a new trial January 7, 1988, which was within the 75–day period. Respondent asserts that the January 29 order was within the time period for the exercise of court's plenary power; however, the January 29 order was *not* signed within the 75–day period. The trial court's order of January 29, 1988 is thus void.

■ Respondent argues that the motion for rehearing was an amended motion for new trial and, as such, was untimely and therefore a nullity.[1] Respondent relies upon rule 329b(b), which provides:

One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.

Respondent argues that any amended motion filed after the 30–day period provided by rule 329b(b) is a nullity. Rule 329b(b), however, merely provides that amended motions may be filed without leave while

1. The motion was styled "Motion for Rehearing on Motion to Set Aside Default Judgment." The motion states that it "is a Motion for Rehearing of and a supplement to the Motion to Set Aside Default Judgment of Defendant filed on November 17, 1987." However, we will assume that respondent is correct when he characterizes the motion as an amended motion.

the original motion for new trial is pending and within the 30–day period from the judgment. Rule 329b(b) does not address the present situation where an amended motion was filed promptly after the original motion was overruled. Such a motion would be filed within the period provided by rule 329b(e), which allows for the exercise of the trial court's plenary power within 30 days of the overruling of the motion for new trial.

Respondent relies upon the broad statements contained in such cases as *Equinox Enterprises, Inc. v. Associated Media, Inc.*, 730 S.W.2d 872 (Tex.App.—Dallas 1987, no writ); *L.B. Foster Co. v. Glacier Energy, Inc.*, 714 S.W.2d 48 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); and *Lind v. Gresham*, 672 S.W.2d 20 (Tex.App.—Houston [14th Dist.] 1984, no writ). Both *Equinox Enterprises* and *L.B. Foster* involve amended motions for new trial that were filed more than 30 days after the judgment was signed, but before the original motion was overruled. These cases would fall within the proper application of rule 329b(b). The court in *Lind v. Gresham* faced the situation presented here but failed to discuss the court's plenary power to consider the amended motion after the original motion was overruled under rule 329b(e).

The leading commentator on Texas civil procedure does not support respondent's argument that an amended motion filed after the original motion has been overruled is a nullity. In 4 *Texas Civil Practice in District and County Courts*, § 18.06.02 (rev. 1984), McDonald states:

An original or amended motion filed more than 30 days after the judgment or order is signed is a nullity insofar as a subsequent appeal is concerned. *An amended motion filed after the 30–day period but within the time during which the court has plenary power over its judgment depends for its effect upon the attitude of the court.* Its filing does not operate to extend the court's jurisdiction over the judgment for any longer period than that given by a timely filed original or amended motion, that is, 30 days after the overruling of the timely

motion. If the trial court ignores the tardy motion, it is ineffectual for any purpose. *The court, however, may look to the motion for guidance in the exercise of its inherent power and, acting before its plenary power has expired, may grant a new trial;* but if the court denies a new trial, the belated motion is a nullity and supplies no basis for consideration upon appeal of grounds which were required to be set forth in a timely motion.

(Emphasis added.) *See also* Keltner & Burke, *Protecting the Record for Appeal: A Reference Guide in Texas Civil Cases*, 17 St. Mary's L.J. 273, 363–364 (1986).

We find that the amended motion was filed after the original motion was overruled and while the trial court had plenary power to consider it. The trial court had jurisdiction to consider the amended motion and acted upon the motion while it had the authority to do so.

The trial court's order reinstating the default judgment is void because it was entered after the 75–day period provided by Tex.R.Civ.P. 329b. Mandamus relief is appropriate to vacate an order issued without legal authority. *Shelvin v. Lykos*, 741 S.W.2d 178 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding).

We conditionally grant the petition for writ of mandamus, and direct that Judge Blanton vacate his order of January 29, 1988. We are confident that the trial court will comply with our decision, and a writ of mandamus will issue only if it fails to do so.