NO. 07-04-0456-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 7, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF


ARTURO JOEL MARIN AND ELIZABETH FRIDAY


AND IN THE INTEREST OF M.M., A CHILD


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2004-526,011; HONORABLE LARRY B. (RUSTY) LADD, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ORDER


 The court has received and filed a third supplemental clerk's record containing an
order purporting to grant a new trial. If effective the order would vacate the decree from
which appeal was brought and deprive this court of jurisdiction. We are obligated to
determine sua sponte our jurisdiction over an appeal. Welch v. McDougal, 876 S.W.2d
218, 220 (Tex. App.-Amarillo 1994, writ denied). Finding the trial court's order was not
effective, we direct appellant to file her brief in accordance with the Rules of Appellate
Procedure.

 Appellant's former husband Arturo Joel Marin filed his original petition for divorce in
April 2004. No answer was filed on behalf of appellant and the trial court rendered a final
decree of divorce August 12, 2004. Appellant timely perfected appeal by filing a notice of
appeal September 3, 2004. See Tex. R. App. P. 26.1. The trial court's docket sheet
contains a notation that the court also treated the notice as a motion for new trial and set
the motion for a hearing. 

 The original clerk's record was filed in this court October 12, 2004. Appellee filed
a response to appellant's motion for new trial in the trial court on October 27, 2004. In that
document appellee correctly observed appellant's motion was overruled by operation of law
seventy-five days after the judgment was signed, or October 26, 2004. 

 Appellant filed an amended motion for new trial November 16, 2004. The same day
an order setting the matter for hearing on November 22, 2004 was signed. The record
before us contains no reporter's record of that hearing and no docket sheet covering that
date. We received the third supplemental clerk's record on January 27, 2005. It contains
an order signed January 25, 2005 reciting the trial court heard appellant's motion for new
trial November 22, 2004 and providing "the Motion is hereby GRANTED." 

 A motion for new trial must be filed within thirty days after the challenged judgment
is signed. Tex. R. Civ. P. 329b(a). Any amendment must be filed within the same period,
and before a ruling on the original motion. Tex. R. Civ. P. 329b(b). A late-filed amendment
does not extend the trial court's jurisdiction and cannot be considered. L.B. Foster Co. v.
Glacier Energy, Inc., 714 S.W.2d 48, 49 (Tex.App.-San Antonio 1986, writ ref'd n.r.e.). A
motion for new trial not disposed of by express order is deemed overruled by operation of
law seventy-five days after the judgment was signed. Tex. R. Civ. P. 329b(c). 

 As appellee noted in response to appellant's motion, that motion was overruled by
operation of law on October 26, 2004. Rule 329b(e) gives a trial court plenary power to
grant a motion for new trial for an additional thirty days. Perfection of appeal does not
deprive a trial court of power to grant a new trial. Id. In this instance, the thirtieth day after
appellant's motion for new trial was overruled was November 25, 2004. That day and the
following day were state holidays, Tex. Gov't. Code Ann. § 662.003(a)(8), (b)(6) (Vernon
1994), extending the court's power to November 29, 2004. Tex. R. Civ. P. 4.

 A trial court must exercise its power to grant a new trial by a written order signed
within the time allowed by rule 329b. The trial court's January 25, 2005 order was signed
well after the court's plenary power to grant a new trial had expired. We need not consider
whether the court's January 25, 2005 order may have merely reduced an earlier oral order
to writing. In Taack v. McFall, 661 S.W.2d 923 (Tex. 1983) (orig. proceeding), the supreme
court held the oral grant of a new trial, corroborated by a docket entry, was insufficient to
satisfy the Rule and was ineffective. Id. at 924. 

 We hold the trial court's January 25, 2005 order was ineffective to vacate its August
12, 2004 final decree of divorce. The docketing statement filed by appellant indicates no
reporter's record was requested. On the filing of the third supplemental clerk's record, the
appellate record is complete. Appellant's brief is due no later than March 7, 2005. Tex. R.
App. P. 38.6(a). The failure to timely file a brief or motion to extend the time for filing
appellant's brief will make this appeal subject to dismissal for want of prosecution. Tex. R.
App. P. 38.8(a)(1). 

 

 Per Curiam