In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-445 CV


____________________



DWIGHT HARRISON, Appellant



V.



JACQUELINE HARRISON, Appellee






On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. C-182,907






MEMORANDUM OPINION


 Dwight Harrison appeals pro se the trial court's amended judgment of divorce from
Jacqueline Harrison. We affirm.

 Jacqueline Harrison, appellee, filed a petition for divorce from Dwight in 2002. The
trial court held a hearing on the matter and Jacqueline failed to appear. On November 7,
2003, the trial court signed a final divorce decree. On December 5, 2003, Jacqueline filed
an "Agreed Motion for New Trial" asserting that she had no notice of the October 21, 2003
hearing. On December 10, 2003, she filed an amended motion for new trial which was
identical to the prior motion for new trial except it was titled "Amended Motion for New
Trial" and included exhibits. On December 17, 2003, the trial court granted her motion for
new trial. The trial court held a hearing and signed a final divorce decree on April 25, 2006. 
On May 24, 2006, Dwight filed a motion for new trial stating that the trial court erred in
dividing the property. The trial court granted Dwight's motion for new trial, and after
hearing evidence, signed an amended judgment awarding Dwight additional assets. 

 On appeal it appears Dwight is arguing four issues. First, he states that Jacqueline's
motion for new trial was granted more than thirty days after the trial court signed the first
divorce decree. When a party files a motion for new trial within thirty days of a judgment,
the trial court has plenary power for seventy-five days following the date the court signed the
judgment to act on that motion. See Tex. R. Civ. P. 329b(c). Jacqueline's original motion
for new trial was filed within thirty days of the original judgment. Her amended motion for
new trial was filed more than thirty days after the trial court signed the original judgment, but
while the trial court still had plenary power. See id. When an original motion for new trial
is timely filed but an amended motion for new trial is filed after thirty days but while the trial
court still has plenary power, the trial court has discretion to consider the untimely amended
motion in granting a new trial. See Kalteyer v. Sneed, 837 S.W.2d 848, 851 (Tex. App.--Austin 1992, no writ ) (citing Homart Dev. Co. v. Blanton, 755 S.W.2d 158, 159-60 (Tex.
App.--Houston [1st Dist.] 1988, orig. proceeding)). The trial court here still had plenary
power to grant Jacqueline's motion for new trial. See Tex. R. Civ. P. 329b(c). Issue one is
overruled.

 Second, Dwight seems to argue that because he was indigent, the trial court should
have appointed counsel to represent him in the matter when he requested counsel during one
of the hearings. We review a trial court's failure to appoint trial counsel in a civil case for
an abuse of discretion. See Tex. Gov't Code Ann. § 24.016 (Vernon 2004); Gibson v.
Tolbert, 102 S.W.3d 710, 712-13 (Tex. 2003). A civil litigant has no general constitutional
right to appointed counsel. (1) See Sandoval v. Rattikin, 395 S.W.2d 889, 893-94 (Tex. Civ.
App.--Corpus Christi 1965, writ ref'd n.r.e.). "[I]n some exceptional cases, the public and
private interests at stake are such that the administration of justice may best be served by
appointing a lawyer to represent an indigent civil litigant." Travelers Indem. Co. of Conn.
v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996). Whether exceptional circumstances
warranting the appointment of counsel exist is determined on a case-by-case basis. Gibson,
102 S.W.3d at 713. We cannot conclude that this, a divorce case, constitutes exceptional
circumstances that requires the appointment of counsel or that the trial court abused its
discretion by failing to make such an appointment. We overrule Dwight's second issue.

 Third, it appears Dwight contends the trial judge should have been recused from the
case because he was biased or incapable of being impartial. Dwight maintains the trial judge
"stated in open court that he did not like me" and that "I had no respect for the court system." 
Dwight provides no record references to the trial judge's alleged comments, and the only
comments by the trial judge that we can perceive as the comments Dwight complains of
occurred during the hearing on Dwight's motion for new trial:

 THE COURT: . . . [Dwight's counsel], in your motion for new trial,
you allege that [Dwight]'s always been indigent and he's never had an
attorney. That isn't the case. Of course, you got into it late; but he did have
an attorney. He was represented. His attorney and he couldn't get along and
the record shows that he didn't cooperate with anybody or anything and his
attorney got off of the case. Then I allowed them, what, a year?


 [JACQUELINE'S COUNSEL]: Yes, Your Honor. 


 THE COURT: An entire year to hire an attorney. I was extremely
patient with him, did everything in my power to try to be fair to him; but he's
a difficult person to deal with, to say the least. I will go ahead and let you
present your motion. 


 In Dow Chemical Company v. Francis, the Texas Supreme Court explained what
circumstances necessitate recusal based on a judge's comments:

 The United States Supreme Court . . . has determined that "judicial rulings
alone almost never constitute a valid basis for a bias or partiality motion," and
opinions the judge forms during a trial do not necessitate recusal "unless they
display a deep-seated favoritism or antagonism that would make [a] fair
judgment impossible. Thus, judicial remarks during the course of a trial that
are critical or disapproving of, or even hostile to, counsel, the parties, or their
cases, ordinarily do not support a bias or partiality challenge." Further, "[n]ot
establishing bias or partiality . . . are expressions of impatience, dissatisfaction,
annoyance, and even anger. . . . A judge's ordinary efforts at courtroom
administration -- even a stern and short-tempered judge's ordinary efforts at
courtroom administration -- remain immune." In short, a trial court has the
inherent power to control the disposition of cases "with economy of time and
effort for itself, for counsel, and for litigants."


46 S.W.3d 237, 240 (Tex. 2001) (citations omitted). Based on our review of the record,
Dwight has failed to show that the trial judge's comments necessitated his recusal. We
overrule Dwight's third issue.

 Last, it appears Dwight believes the trial court abused its discretion in the distribution
of assets because "[The trial judge] did [sic] address community debt, retirement benefits for
defendant nor did he address medical coverage for defendant who is disable [sic]." The
Texas Family Code requires the trial court to divide a marital estate in a manner the court
deems "just and right," having due regard for the rights of the parties. Tex. Fam. Code Ann.
§ 7.001 (Vernon 2006). A divorce court generally may exercise broad discretion in dividing
the estate. Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Ohendalski v.
Ohendalski, 203 S.W.3d 910, 914 (Tex. App.--Beaumont 2006, no pet.). Absent evidence
showing an abuse of discretion, the trial court's division of a marital estate will not be
disturbed on appeal. See Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). A court abuses
its discretion when it acts without reference to any guiding rules or principles, or
alternatively, when its acts are arbitrary or unreasonable. Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990). A "party attacking the property division bears the heavy burden of
showing that the trial court's property division was not just and right." Pletcher v. Goetz, 9
S.W.3d 442, 446 (Tex. App.--Fort Worth 1999, pet. denied) (op. on reh'g). 

 "When the trial court finds that its property division is just and right regardless of any
mischaracterization of the property, even though the value of the property mischaracterized
is great, the mischaracterization does not affect the trial court's just and right division of the
property." Pace v. Pace, 160 S.W.3d 706, 716 (Tex. App.--Dallas 2005, pet. denied). An
appellant must not only demonstrate the trial court mischaracterized the property at issue, but
must also conduct a harm analysis to demonstrate "how the purported mischaracterization
caused the trial court to abuse its discretion or that it had more than a de minimus impact on
a just and right division of the community estate." See id. (citing Vandiver v. Vandiver, 4
S.W.3d 300, 302 (Tex. App.--Corpus Christ 1999, pet. denied)). 

 Dwight failed to bring his arguments regarding the community debt and medical
coverage to the trial court's attention and failed to preserve error as to those items. See Tex.
R. App. P. 33.1(a); Byrnes v. Byrnes, 19 S.W.3d 556, 561 (Tex. App.--Fort Worth 2000, no
pet.). In his motion for new trial, which the trial court granted, he stated he was entitled to
a portion of Jacqueline's retirement benefits. Regardless of whether he preserved error as
to the community debt, medical coverage, and retirement benefits, Dwight fails to show on
appeal that the trial court mischaracterized the property and that the mischaracterization
caused the trial court to abuse its discretion or that the mischaracterization had more than a
de minimus impact on the property division. To the extent he is arguing on appeal that the
trial court denied him the opportunity to present evidence, we disagree. Dwight had the
opportunity to present evidence at the hearing on the motion for new trial. Furthermore, he
fails to show on appeal any evidence that he claimed the trial court did not consider.
Dwight's fourth issue is overruled. We affirm the trial court's amended judgment.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on August 7, 2007

Opinion Delivered March 13, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.



1. Cases involving the juvenile delinquency, termination of parental rights, and court-ordered mental health services are exceptions to this general rule. See Tex. Fam. Code Ann.
§§ 51.10, 107.013 (Vernon Supp. 2007); Tex. Health & Safety Code Ann. § 574.003
(Vernon 2003). None of the exceptions apply here.