

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00401-CV

RAYMOND SNODGRASS, JR., INDIVIDUALLY, AS REPRESENTIVE
OF THE ESTATE OF PATSY SNODGRASS, AND AS HEIR OF THE
ESTATE OF PATSY SNODGRASS, MARY GLASS, INDIVIDUALLY, AND
AS HEIR OF THE ESTATE OF PATSY SNODGRASS, ET AL., APPELLANTS

V.

HILLCREST BAPTIST MEDICAL CENTER, HILL-ROM CO., INC.,
SUSAN MOORE, HEATHER MADDOX, LAURIE STEWART,
REBECCA URBANOVSKY, C. BROCKETTE, K. DENTON,
L. DEGRATE, R. GONZALEZ AND MICHAEL OVERCASH, APPELLEES

On Appeal from the 414th
McLennan County, Texas
Trial Court No. 2010-2123-5, Honorable Vicki L. Menard, Presiding

October 31, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The trial court rendered a take-nothing summary judgment in favor of appellees

Hillcrest Baptist Medical Center[1] and Hill-Rom Company, Inc. Through five issues,

---

[1] The plaintiffs asserted a health care liability claim against Hillcrest Baptist Medical Center and its following employees: nurse manager Susan Moore and nurses

appellants Raymond Snodgrass, Jr., *et al.,* to whom we will refer collectively as the plaintiffs,[2] appeal. We will affirm the judgment.

## Background

Patsy Snodgrass underwent heart bypass surgery at the medical center on February 20, 2009, and afterward was transferred to its surgical intensive care unit. There she received care from the nurses and respiratory therapists. Mrs. Snodgrass did not regain consciousness after the surgery. During visitation hours on February 21, her family and nurses noted the bed she occupied did not maintain the desired approximate thirty-degree elevation of the bed's head, but spontaneously and gradually lowered. Hillcrest personnel moved Mrs. Snodgrass to another bed. A February 23 MRI revealed significant brain damage. Mrs. Snodgrass never regained consciousness and died on March 4, 2009.

The plaintiffs filed suit on June 14, 2010. Their live petition alleged the spontaneous lowering of the head of Mrs. Snodgrass's bed "most likely caused the endotracheal tube supplying oxygen to [Mrs. Snodgrass] to become misplaced, resulting in a loss of oxygen and brain damage." The petition also alleged various acts of negligence in the treatment of Mrs. Snodgrass by Hillcrest including the failure of the nurses "and/or" the respiratory therapists "to properly treat, identify and/or respond to

Heather Maddox, Laurie Stewart and Rebecca Urbanovsky; respiratory therapists "C. Brockette, K. Denton, L. Degrate, and R. Gonzales"; and Michael Overcash, Hillcrest's "biomed supervisor in charge of maintenance." We will refer to the medical center and its employees collectively as "Hillcrest."

[2] This wrongful death and survival action was brought by Raymond Snodgrass, Jr., the husband of Patsy Lea Snodgrass, and her nine children.

the situation" and the use by these parties, as well as nurse manager Moore, of "equipment which they knew, or should have known was defective." The plaintiffs also alleged Hillcrest "failed to properly identify, warn and/or correct a dangerous premises defect and/or [failed] to use ordinary care in the maintenance, management and control of the business premises." They alleged Hill-Rom was the hospital bed's manufacturer, and asserted theories of products liability and negligence.

On December 3, 2010, the trial court signed an agreed scheduling order. It obligated the plaintiffs to file their designation of expert witnesses, supplemental expert information, and expert reports by May 6, 2011.[3] Hillcrest and Hill-Rom filed no-evidence motions for summary judgment on June 24 and June 30, 2011, respectively. After a July 26, 2011, hearing the trial court granted each motion and signed a final judgment on August 19. This appeal followed.

Analysis

Evidence of Causation in Health Care Liability Claim

We begin with plaintiffs' second and third issues, by which they contend their summary judgment evidence was sufficient to raise an issue of fact on each element of their health care liability claim.

We review summary judgments *de novo. Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In so doing, we examine the entire summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical*

---

[3] The order cites Tex. R. Civ. P. 194.2(f) & 195.5.

*Partners Int'l, Inc.,* 236 S.W.3d 778, 782 (Tex. 2007); *City of Keller v. Wilson,* 168 S.W.3d 802, 824-25 (Tex. 2005).

When a movant files a no-evidence motion in proper form under rule 166a(i), the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006); *Weaver v. Highlands Ins. Co.,* 4 S.W.3d 826, 829 (Tex. App.—Houston [1st Dist.] 1999, no pet.); Tex. R. Civ. P. 166a(i). In other words, the nonmovant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd,* 228 S.W.3d 493, 497 (Tex. App.—Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997).

An essential element of a health care liability claim is that the defendant's breach of the standard of care proximately caused the injury. *Marks v. St. Luke's Episcopal Hosp.,* 319 S.W.3d 658, 662 (Tex. 2010) (discussing former Tex. Rev. Civ. Stat. art. 4590I § 1.03(a)(4), *repealed* by Act of June 2, 2003, 78th Leg., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884). Proximate cause includes both cause in fact and foreseeability*. IHS Cedars Treatment Ctr., Inc. v. Mason,* 143 S.W.3d 794, 798-99 (Tex. 2004). Proximate cause is not established by mere conjecture, guess, or speculation. *Id.* at 799; *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex. 1995). Rather, a plaintiff asserting a health care liability claim must demonstrate a

4

causal connection between the injuries and the negligence of the defendant based on reasonable medical probability. *Arlington Mem'l Hosp. Found., Inc. v. Baird,* 991 S.W.2d 918, 922 (Tex. App.—Fort Worth 1999, pet. denied).

In their no-evidence motion, Hillcrest asserted the plaintiffs had no evidence of the element of proximate cause. In their response to the motion, the plaintiffs argued the attached affidavits of registered nurses Davis and Guercia and an attached letter from K. Michael Webb, M.D., sufficiently raised an issue of fact on causation.

Nurse Davis has practiced registered nursing in the field of critical care with an emphasis in cardiovascular surgical recovery for ten years. Concerning the employee nurses, the respiratory therapists and nurse manager Moore, Davis expressed opinions of the applicable standard of care and how each breached that standard in the care of Mrs. Snodgrass. Nurse Davis then opined "the breaches in the standards of care were the direct cause of the irreversible anoxic hypoxic brain injury sustained by [Mrs. Snodgrass]."

Nurse Guercia has practiced registered nursing for twenty five years. She has practiced in the area of critical care nursing since 1989 having been certified in critical care since 1991. Through a lengthy and detailed affidavit she defined the applicable nursing standards of care and expressed opinions regarding breaches of the standards by the nurses and nurse manager Moore. She stated her opinion their breaches "led to the oversight of a potentially fatal complication, hypoxia," and further stated they ultimately led to her brain injury and death.

The perceived effect of the allegedly defective bed is not clearly defined in the nurses' opinions. Nurse Davis found the bed might have been "a partial causative factor" but added that she noted little deviation in the endotracheal tube supplying Mrs. Snodgrass with oxygen. Nurse Guercia opined that nurse manager Moore's failure to remove the broken bed "led to the head of the bed spontaneously drifting downward. This movement provided opportunity, until noticed, for potential movement of Mrs. Snodgrass' ETT and possible dislocation of the ETT, thus the opportunity for chronic hypoxia."

The opinions of nurses Davis and Guercia amount to no evidence of causation. Neither possesses the qualifications by law to render an opinion that any breach of a standard of medical care was a cause of Mrs. Snodgrass's brain damage. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.403(a) (West 2011) (only a physician may qualify as an expert witness on issue of causation in health care liability claim); Tex. Occ. Code Ann. § 301.002(2) (West Supp. 2013) (defining professional nursing to exclude acts of medical diagnosis); *Hopkins County Hosp. Dist. v. Ray,* No. 06-08-0129-CV, 2009 Tex. App. LEXIS 1269, at *9-10 (Tex. App.—Texarkana Feb. 24, 2009, no pet.) (mem. op.) (collecting cases holding nurse not qualified to render expert opinion regarding causation); *Arlington Mem'l Hosp. Found.,* 991 S.W.2d at 921 (citing *Pace v. Sadler,* 966 S.W.2d 685, 689-90 (Tex. App.—San Antonio 1998, no pet.)). As unqualified witnesses, their opinions on causation are not based on reasonable medical probability but are mere speculation amounting to no evidence. *Champion v. Great Dane L.P.,* 286 S.W.3d 533, 544 (Tex. App.—Houston 14th Dist. 2009, no pet.) (citing *Broders v. Heise,* 924 S.W.2d 148, 150-54 (Tex. 1996)); *see Schaefer v. Texas Employers' Ins. Ass'n,,*

612 S.W.2d 199, 204-05 (Tex. 1980) (holding no evidence of causation shown where expert testimony was not based on reasonable medical probability but instead on possibility, speculation, and surmise).

Further, the opinions as expressed are mere conclusions. Neither nurse sufficiently explains how the identified breaches of the applicable standards of care proximately caused Mrs. Snodgrass's brain damage. For this reason also, the opinions constitute no evidence of causation. *See Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 277, 233 (Tex. 2004) (discussing preservation, court noted expert testimony that is nonprobative on its face, such as testimony that is conclusory or speculative, constitutes no evidence).

The letter signed by K. Michael Webb, M.D., appended to the plaintiffs' response to Hillcrest's motion, does not provide evidence of causation.[4] In the document, Dr. Webb expressed his opinion of Mrs. Snodgrass's post-operative condition based on a review of two MRI scans. While Dr. Webb described widespread brain abnormality, he offered no opinion on the proximate cause of the brain injury.

We conclude the summary judgment record contains no evidence of causation. Plaintiffs' second and third issues are overruled.

Adequate Time for Discovery

In their first issue, plaintiffs assert the trial court abused its discretion by disposing of appellees' no-evidence motions before the plaintiffs had an adequate time

---

[4] Hillcrest objected to Dr. Webb's letter as hearsay. But the record contains no indication the trial court sustained the objection and excluded the letter from the summary judgment record. We have considered the letter in our review of the record.

for discovery. In their response to the no-evidence motions, the plaintiffs argued they had not had an adequate time for discovery because four Hillcrest employees had not been deposed and their "bed expert" was not available to inspect Mrs. Snodgrass's hospital bed until August 2011.[5]

A trial court's ruling on a party's claim it has not had an adequate time for discovery is reviewed for an abuse of discretion. *Specialty Retailers, Inc. v. Fuqua,* 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

Rule 166a(i) allows a party to move for a no-evidence summary judgment after an adequate time for discovery. Tex. R. Civ. P. 166a(i); *Fuqua,* 29 S.W.3d at 145. The comment to Rule 166a(i) provides in part, "[a] discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before." Tex. R. Civ. P. 166a(i) cmt.; *McInnis v. Mallia,* 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Notably, the comment also states it is intended to inform the construction and application of the rule. *Id.* Nevertheless, Rule

---

[5] Case law holds that to preserve a complaint a no-evidence motion for summary judgment was prematurely granted, the party claiming an inadequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Willms v. Americas Tire Co., Inc.,* 190 S.W.3d 796, 807 (Tex. App.—Dallas 2006, pet. denied) (citing *Tenneco Inc. v. Enterprise Products Co.,* 925 S.W.2d 640, 647 (Tex. 1996)); *see* Tex. R. App. P. 33.1(a)(1), (2) (preservation of error). The plaintiffs' unsworn statement in their response would not seem to meet that requirement. Hillcrest does not argue a failure to preserve the issue on appeal, so we will address its merits.

166a(i) does not foreclose a party from moving for a no-evidence summary judgment before the completion of discovery, provided the non-movant has had an adequate time for discovery. *Madison v. Williamson,* 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *In re Mohawk Rubber Co.,* 982 S.W.2d 494, 498 (Tex. App.—Texarkana 1998, orig. proceeding). "Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific." *Rest. Teams Int'l, Inc. v. MG Sec. Corp.,* 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.).

Courts have considered a number of factors in determining whether an adequate time for discovery has passed: (1) the nature of the cause of action; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case has been active in the trial court; (4) the amount of time the no-evidence motion has been on file; (5) whether the movant has requested stricter time deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines that are in place are specific or vague. *Madison,* 241 S.W.3d at 155; *Fuqua,* 29 S.W.3d at 145 (citing *Dickson Constr., Inc. v. Fid. & Deposit Co.,* 5 S.W.3d 353, 356 (Tex. App.—Texarkana 1999, pet. denied)).

We see no abuse of discretion in the trial court's conclusion that consideration of Hillcrest's no-evidence motion was not premature. Hillcrest's motion challenged only the causation element of the plaintiffs' health care liability claim. Although the discovery period had not elapsed under the agreed scheduling order when Hillcrest filed its motion, the period to designate expert witnesses and produce their reports had expired, some six weeks before. The agreed scheduling order specifically required the plaintiffs to designate, by May 6, their expert witnesses including the information required by Civil

Rule 194.2(f) and provide written expert reports. The parties each took several depositions. The record does not contain the plaintiffs' expert witness designations, but, as earlier noted, in response to the no-evidence motion the plaintiffs produced only the affidavits of the nurses and the letter from Dr. Webb.

The suit had been on file for just over a year when the no-evidence motion was filed. We accept the plaintiffs' classification of their health care liability claim as complex. But the requirement for expert medical testimony to establish the element of proximate cause to support a health care liability claim is well established. *See Jelinek v. Casas,* 328 S.W.3d 526, 533 (Tex. 2010) (quoting *Guevara v. Ferrer,* 247 S.W.3d 662, 665 (Tex. 2007) ("In medical malpractice cases, expert testimony regarding causation is the norm: 'The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors'")). As noted, the adequacy of time for discovery before consideration of a no-evidence motion under rule 166a(i) is case specific. *Rest. Teams Int'l, Inc.,* 95 S.W.3d at 339. In this case, with the agreed expert designation deadline passed with no qualified expert on causation designated, we cannot agree the trial court's consideration at that time of Hillcrest's motion challenging the causation element was an abuse of discretion. Moreover, neither the "bed expert" nor any of the four Hillcrest employees the plaintiffs argued they needed to depose, none of whom were physicians, could have filled the gap in their causation evidence. We overrule the plaintiffs' first issue.

Products Liability Claim against Hill-Rom

By their fourth issue, plaintiffs assert the trial court erred in granting summary judgment in favor of Hill-Rom because they brought a products liability claim and not a health care liability claim against Hill-Rom. Plaintiffs' argument in support of their contention consists only of two sentences. Their argument explains neither its premises nor its consequences. The brief cites no authority supporting the argument, nor does it contain citations to the record. The issue is inadequately briefed, and thus waived. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and the record); *Redmon v. Griffith,* 202 S.W.3d 225, 241 (Tex. App.—Tyler 2006, pet. denied) (holding issue lacking cogent argument and citation to authority waived by adequate briefing).

Moreover, even were the issue properly before us it could not be sustained. That the plaintiffs' claims involved different theories of liability in tort did not alter their summary judgment burden. The summary judgment record contains no evidence that any conduct by Hill-Rom was a proximate or producing cause[6] of any injury alleged to Mrs. Snodgrass. Plaintiffs' fourth issue is overruled.

*Res Ipsa Loquitur*

In their fifth issue, plaintiffs argue that the trial court's premature disposition of the case through summary judgment had the additional harmful effect of preventing them from amending their petition to assert the doctrine of *res ipsa loquitur.* We have already

---

[6] In a products liability case, the causation standard is producing cause. *See Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 775 (Tex. 1995) ("[P]roducing cause is the test in strict liability. Proximate and producing cause differ in that foreseeability is an element of proximate cause, but not of producing cause." (citation omitted)).

found the trial court did not abuse its discretion by proceeding to disposition prior to completion of the discovery period. Because plaintiffs' fifth issue does not assert trial court error distinct from the error asserted in their previous issues, our disposition of those issues requires that we also overrule their fifth issue. Moreover, even were we to consider the potential application of the doctrine of *res ipsa loquitur,* we could not agree it provides a reason to reverse the trial court's judgment.

*Res ipsa loquitur* is not a stand-alone cause of action but merely a rule of evidence permitting an inference of negligence by the fact-finder. *Haddock v. Arnspiger,* 793 S.W.2d 948, 950 (Tex. 1990); *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 604 (Tex. 2004) (Hecht, J., concurring) ("The rule of *res ipsa loquitur* allows an inference of negligence, absent direct proof, only when injury would ordinarily not have occurred but for negligence, and defendant's negligence is probable"). But in any event application of *res ipsa loquitur* to plaintiffs' claims against either or both of the appellees would not change the complete absence of evidence their conduct caused any injury to Mrs. Snodgrass. *See Kalteyer v. Sneed,* 837 S.W.2d 848, 853 (Tex. App.—Austin 1992, no writ) (noting *res ipsa loquitur* does not relieve a claimant of the need to prove causation). For that reason also, plaintiffs' fifth issue is overruled.

Conclusion

Having overruled each of the plaintiffs' issues on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice

12